FILED
IN THE UNITED STATES DISTRICT COURT DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA BRUNSWICK DIV.
STATESBORO DIVISION

2013 JAN -7 A 9 44

CLERK _____
SO. DIST. OF GA.

WILLIAM RUSSELL WARE,          :

     Plaintiff,          :

     v.          :          CIVIL ACTION NO.: CV612-056

STANLEY WILLIAMS, Warden,          :

     Defendant.          :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Hancock State Prison in Sparta, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Smith State Prison in Glennville, Georgia. Defendant filed a Motion to Dismiss, to which Plaintiff filed a Response, and Defendant filed a Reply. For the following reasons, Defendant's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges that upon his arrival at Smith State Prison on March 8, 2012, he was sent to administrative segregation, also known as "lockdown", per Defendants' instruction. Plaintiff alleges that his placement in "lockdown" was the result of a 9-year-old incident at Augusta Medical Prison. Plaintiff asserts that he had already completed his punishment for the incident at Augusta Medical Prison and was therefore in "lockdown" without cause. Plaintiff was transferred from Smith State Prison on July 9, 2012. (Doc. No. 5).

Plaintiff's Complaint was served upon Defendant for possible violation of Plaintiff's due process rights. Defendant asserts that Plaintiff has failed to state a claim against him and that the relief Plaintiff seeks is barred by the Prison Litigation Reform Act. Alternatively, Defendant asserts that he is entitled to qualified immunity.

## STANDARD OF REVIEW

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Id. (internal punctuation and citation omitted).

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

AO 72A
(Rev. 8/82)

reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). In making this determination, a court must construe the complaint in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002).

## DISCUSSION AND CITATION TO AUTHORITY

An inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process. Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994). Constitutionally adequate process requires compliance with the minimum due process protections accorded to an inmate in prison disciplinary proceedings: (1) the right to receive written notice of the charges against him at least 24 hours before his hearing; (2) the right to call witnesses and present documentary evidence, where doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) the right to receive a written statement setting forth the disciplinary committee's findings of fact. Wolff v. McDonnell, 418 U.S. 539, 563–66 (1974). The United States Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the State has consistently given a benefit to prisoners, usually

AO 72A
(Rev. 8/82)

through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Kirby v. Siegelman, 195 F. 3d 1285, 1290–91 (11th Cir. 1999) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

Plaintiff's placement in administrative segregation was not a change in his conditions of confinement so severe that it essentially exceeded the sentence imposed. See Washington v. Harper, 494 U.S. 210 (1990) (involuntary administration of psychotropic drugs exceeded the sentence imposed); Vitek v. Jones, 445 U.S. 480 (1980) (transfer to a mental hospital exceeded the sentence imposed).

Plaintiff's placement in administrative segregation did not impose an "atypical and significant hardship" on him. Plaintiff has not alleged that the conditions of his confinement in segregation were significantly different from the conditions in general population.[1] As a result, Plaintiff's placement in administrative segregation "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin, 515 U.S. at 486. In his Response to Defendant's Motion to Dismiss, Plaintiff asserts that "punitive action always implicates a liberty interest[.]" (Doc. No. 34-1, p. 4). The Supreme Court addressed an identical argument in Sandin and concluded that no such rule exists. Sandin, 515 U.S. at 484–85.

Because Plaintiff has not shown that Defendant violated any of his constitutional rights, he has failed to state a claim against Defendant under § 1983, and his Complaint should be dismissed. Because dismissal is appropriate based on Plaintiff's

---

[1] Plaintiff does allege that he was harassed while he was housed at Smith State Prison. (Doc. No. 1, p. 6). However, Plaintiff does not allege that he was harassed because he was housed in administrative segregation. It can also be noted that Plaintiff's harassment allegation was not served as a claim in this lawsuit.

4

failure to state a claim upon which relief may be granted, a qualified immunity defense is not necessary.  <u>Martinez v. Burns</u>, 459 F. App'x 849 (11th Cir. 2012) (citing <u>Carter v. Galloway</u>, 352 F.3d 1346, 1350 n.10 (11th Cir. 2003)).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED AND RECOMMENDED**, this _7th_ day of January, 2013.


JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)